**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Harold S. GREENE, Jr., Respondent.**

**No. 2001–SC–0677–KB.**

Supreme Court of Kentucky.

Jan. 17, 2002.

---

Bruce K. Davis, Executive Director, Ben Cowgill, Bar Counsel, Kentucky Bar Association, Frankfort, for Movant.

Harold S. Greene, Jr., Lexington, for Respondent.

## OPINION AND ORDER

The Kentucky Bar Association, "KBA," brought this action against Respondent, Harold Stewart Greene, Jr., of Lexington, who was charged with four counts of unethical and unprofessional conduct by the Inquiry Commission. After a review of the case, the KBA Board of Governors found Respondent guilty on all four charges and recommended that Respondent be suspended from the practice of law for ninety (90) days, satisfy the outstanding judgment against him won by Greg Gerton, his client, and reimburse Gerton court costs incurred. Respondent failed to request, pursuant to SCR 3.370(8), that this Court review the Board's recommendation. Thus, pursuant to SCR 3.370(9), the recommendation of the Board of Governors is adopted by this Court and Respondent is hereby suspended from the practice of law for ninety days, ordered to satisfy the judgment against him and reimburse Gerton court costs.

The four counts with which Respondent was charged are as follows: Count I is based on a violation of SCR 3.130(1.1) due to incompetent representation of his client; Count II is based on a violation of SCR 3.130(1.3) due to Respondent's lack of reasonable diligence and promptness in his representation of his client; Count III is based on a violation of SCR 3.130(1.4) due to Respondent's failure to keep his client reasonably informed about the status of his client's case; and Count IV is based on a violation of SCR 3.130(8.3(c)) due to dishonesty, fraud, deceit or misrepresentation by Respondent.

In November, 1997, Respondent was hired to represent Greg Gerton giving him a $300.00 retainer. Respondent wrote a demand letter to the tortfeasor of Gerton's property damage claim but there was no response. Respondent mailed a copy of the letter to Gerton which was the only written communication Gerton received from Respondent. In early 1998, Respondent advised Gerton that filing suit would be necessary. Gerton authorized filing a lawsuit and wrote a check for the filing fees. The lawsuit was never filed but Gerton did not discover this until November, 1999, after the suit was barred by the statute of limitations.

During the time between when Respondent was hired and the statute ran, Gerton inquired about the status of the case often and he and Respondent spoke on more than twenty occasions. On some or all of these occasions, Respondent told or indicated to Gerton that the lawsuit had been filed. Gerton later admitted at the evidentiary hearing held by the trial commissioner that he never filed the lawsuit.

Gerton filed a complaint with the KBA. A trial commissioner was appointed and a telephonic prehearing conference was held during which Respondent admitted allegations of Counts II and III. During the evidentiary hearing, Respondent admitted his guilt of counts I, II and III, that he never filed the lawsuit on behalf of his client, and that he never told Gerton that he did not file a lawsuit. Respondent admitted that on repeated occasions he stated and indicated to Gerton that the lawsuit had been filed. The trial commissioner concluded that Respondent was not guilty

of Count IV because he had not engaged in conduct involving dishonesty, deceit or misrepresentation. The Board disagreed as to Count IV and found Respondent guilty on all four counts. The votes were unanimous except for Count IV in which one member voted not guilty.

The Board has recommended suspending Respondent for ninety days from the practice of law, ordering that he satisfy the outstanding judgment that Gerton received against Respondent in a civil malpractice action and reimburse Gerton court costs incurred.

Upon the foregoing facts and charges, it is ordered that the Board of Governors' recommendation be adopted. It is further ordered that:

1. Respondent, Harold Stewart Greene, Jr., is hereby suspended from the practice of law in the Commonwealth of Kentucky for ninety days. The period of suspension shall commence on the date of entry of this Order.

2. Respondent is directed to satisfy the outstanding judgment of $3,003.74 against him in the case of *Gerton v. Greene,* 00–C–4540 (Fayette District Court, August 30, 2000), which judgment includes court costs in the amount of $87.00.

3. In accordance with SCR 3.450, Respondent is directed to pay all costs associated with this disciplinary proceeding against him, said sum being $761.79. Upon the finality of this Opinion and Order, an order of execution may issue from this Court for said costs.

4. In accordance with SCR 3.390, Respondent shall within ten (10) days of the entry of this order notify all clients of his inability to represent them and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

Respondent shall also provide such notification to all courts in which he has matters pending.

LAMBERT, C.J., and JOHNSTONE, STUMBO, and WINTERSHEIMER, JJ., concur.

JOHNSTONE, J., concurs by separate opinion in which STUMBO and WINTERSHEIMER, JJ., join.

KELLER, J., files a separate opinion concurring in part and dissenting in part in which COOPER and GRAVES, JJ., join.

Entered: January 17, 2002.

/s/  Joseph E. Lambert
Chief Justice

JOHNSTONE, Justice, concurring.

I concur in the result reached by the majority, but believe a time frame should be set for payment of the outstanding judgment against the Respondent. Otherwise, we are likely to see this case again.

STUMBO and WINTERSHEIMER, JJ., join this concurring opinion.

KELLER, Justice, concurring in part and dissenting in part.

Although I concur with the part of the majority's opinion and order that suspends Respondent from practicing law in the Commonwealth of Kentucky for a period of ninety (90) days, I disagree with the part that orders Respondent to satisfy the outstanding civil judgment against him and to reimburse court costs incurred by the plaintiff. Accordingly, pursuant to SCR 3.370(9), I would review the decision of the Board of Governors and impose only the ninety (90) day suspension.

Kentucky provides mechanisms for prevailing parties to satisfy their judgments in both the Kentucky Revised Statutes [1] and

1. *See* KRS Ch. 425–427.

the Kentucky Rules of Civil Procedure,[2] and CR 54.04 allows parties to obtain court costs as an element of damages.[3] In my opinion, Gerton should utilize these provisions to collect his judgment against Respondent.

Perhaps the time has come for—and I would support—amendment of our rules to require practicing attorneys to maintain professional liability insurance so that all parties aggrieved by the actions of members of the bar—just like those injured in automobile accidents[4]—can recover at least a portion of their damages.

Through its adoption of SCR 3.820, this Court has created a Clients' Security Fund to reimburse persons aggrieved when attorneys commit wrongdoing "in the nature of theft or embezzlement of money or the wrongful taking or conversion of money, property or other things of value"[5] and our rules require attorneys to make restitution to the Fund if their actions result in Fund reimbursement.[6] While I believe such procedures are just and proper in cases where attorneys have stolen from or actively defrauded their clients, and I recognize that this Court may place conditions upon an attorney it suspends from the practice of law,[7] I do not believe this Court should use its disciplinary authority to order attorneys to satisfy civil judgments when clients have suffered economic loss as a result of an attorney's negligence. The existing provisions for collecting judgments are adequate and grafting such requirements onto our disciplinary sanctions unnecessarily expands the role of this Court.

COOPER and GRAVES, JJ., join this opinion, concurring in part and dissenting in part.

2. *See* CR 69.

3. *See* CR 54.04.

4. *See* KRS 304.39–010 et seq. (Kentucky's Motor Vehicle Reparations Act).

5. SCR 3.820(3)(10)(c).

6. SCR 3.820(3)(c) ("A lawyer whose dishonest conduct has resulted in reimbursement to a claimant shall make restitution to the Fund including interest and the expense incurred by the Fund in processing the claim. A lawyer's failure to make satisfactory arrangements for restitution shall be a cause for suspension, disbarment, or denial of an application for reinstatement.").

7. SCR 3.380 ("Upon finding of a violation of these rules, discipline may be administered byway of ... suspension from practice for a definite time with or without conditions as the Court may impose....").