Harold Stewart GREENE, Jr. KBA Member # 82371, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2002–SC–0300–KB.

Supreme Court of Kentucky.

Aug. 22, 2002.

### *OPINION AND ORDER GRANTING RESTORATION*

This matter comes before us on an application for restoration by Harold S. Greene, Jr., pursuant to SCR 3.500.

Greene was suspended under two separate orders of this Court. The first was a disciplinary suspension for ninety days pursuant to an order dated November 21, 2001. That order was withdrawn and reissued on January 17, 2002, in order to clarify Greene's obligation to satisfy a civil judgment in favor of his former client prior to reinstatement. *Kentucky Bar Association v. Greene*, Ky., 63 S.W.3d 182 (2002). On December 18, 2001, this Court entered a separate order suspending Greene for failure to comply with the Continuing Legal Education (CLE) requirements. SCR 3.669.

Had Greene fully complied with the terms of the November 21, 2001, order as reissued, resolved his CLE suspension and filed an affidavit of compliance with the Disciplinary Clerk, he might have been eligible for automatic reinstatement on February 19, 2002, pursuant to SCR 3.510(2). Prior to that date, on February 6, 2002, KBA Bar Counsel filed an objection to automatic reinstatement with the Inquiry Commission due to Greene's failure, at that time, to pay the outstanding civil judgment, to become CLE compliant and to file an affidavit of compliance.

However, on February 18, 2002, Greene sent a letter to Bar Counsel stating that he had paid the outstanding civil judgment and enclosing a check in payment of the cost of the disciplinary proceeding.

CLE records indicated on February 19, 2002, that Greene had attained enough CLE credits to make up for his prior deficiency and to bring him up to date. Because Greene had been suspended under two separate orders, the CLE Commission sent a separate letter advising Greene that he must submit an application for restoration pursuant to SCR 3.500 before that office could certify his compliance with the CLE requirements under SCR 3.675.

On March 14, 2002, Greene notified KBA Bar Counsel that he had complied with the CLE requirements and requested that Bar Counsel withdraw the objection to his automatic reinstatement. Bar Counsel did withdraw the objection but informed Greene that said automatic reinstatement applied only to his disciplinary suspension and that he must still file an application for restoration. Greene filed said application on April 5, 2002. As of May 18, 2002, Greene's suspension had prevailed for more than 180 days.

The Board of Governors, by a vote of 9–8, recommends approval of Greene's application for restoration subject to approval by this Court. Based upon the foregoing facts, we accept the recommendation of the Board of Governors. As such, it is hereby ordered that Movant, Harold S. Greene, Jr., is restored to the practice of law in the Commonwealth of Kentucky.

All concur.

ENTERED: August 22, 2002.

/s/ Joseph E. Lambert
Chief Justice